UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL DABROWSKI,

    Plaintiff,

v.

TUBULAR METAL SYSTEMS, LLC,
DURA AUTOMOTIVE SYSTEMS, LLC,
GLOBAL AUTOMOTIVE SYSTEMS, LLC, and
ADVANCED VEHICLE ASSEMBLIES LLC,

    Defendants.
_____/

Case No. 22-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

**PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff, MICHAEL DABROWSKI, by and through his attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendants, TUBULAR METAL SYSTEMS, LLC, DURA AUTOMOTIVE SYSTEMS, LLC, GLOBAL AUTOMOTIVE SYSTEMS, LLC, and ADVANCED VEHICLE ASSEMBLIES LLC, stating as follows:

## COMMON ALLEGATIONS

1. That Plaintiff is a resident of the County of Bay, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That Defendant Tubular Metal Systems, LLC is a foreign limited liability company that has its principal place of business in the County of Bay, State of Michigan and is otherwise domiciled in the State of Michigan.

3. That Defendant Dura Automotive Systems, LLC is a foreign limited liability company and has its principal place of business in the County of Oakland, State of Michigan and is otherwise domiciled in the State of Michigan.

4. That Defendant Global Automotive Systems, LLC is a foreign limited liability company that has its principal place of business in the County of Oakland, State of Michigan and is otherwise domiciled in the State of Michigan.

5. That Defendant Advanced Vehicle Assemblies LLC is a foreign limited liability company that has its principal place of business sin the County of Oakland, State of Michigan and is otherwise domiciled in the State of Michigan.

6. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

7. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367.

8. That for seventy-five (75) years, a production factory has operated at 401 East 5th Street in Pinconning, Michigan.

9. That Defendants have fraudulently abused their corporate structures through bankruptcy and asset sales all the while all Defendants are owned by the same parent company, Patriarch Partners, LLC and its founder Lynn Tilton.

10. That Defendants have engaged in said sales to avoid various debts and liabilities.

11. That the various iterations of the company that has operated the plant at 401 East 5th Street have been "mere continuations" or "reincarnations" of the previous companies.

12. That throughout various iterations of the corporate entity operating the plant, there has been continuity of management, personnel, physical location, assets, and general business operations.

13. That several of the corporate entities, upon or shortly thereafter have ceased ordinary business operations and/or liquidated.

14. That amongst the several corporate entities, the plant has continued to engage in the same business and served the same geographic area and same customers.

15. That the various corporate entities have been owned by Patriarch

Partners and/or other entities that are part of Lynn Tilton's operations.

16. That the various corporate entities have purchased the same assets from the prior entities.

17. That Defendants have a history of discriminating against older employees and being sued for age discrimination in violation of state and/or federal law. *See*, *e.g.*, *David Hoffman v. Tubular Metal Systems, LLC*, U.S. District Court for the Eastern District of Michigan, No. 1:14-cv-12058-TLL-PTM (age discrimination); *Steven Trudell v. Tubular Metal Systems, LLC*, Bay County Circuit Court, No. 14-3237-CD (age discrimination); *Rochelle Walter v. Tubular Metal Systems, LLC*, Bay County Circuit Court, No. 19-3128-CD (age discrimination); *see also Travis Dulude v. Tubular Metal Systems, LLC*, Bay County Circuit Court, No. 21-3626-CD (retaliation for refusing to engage in age discrimination, specifically refusing to fire Plaintiff Dabrowski).

18. That Defendant's management level officials have a history of making and/or tolerating discriminatory comments based on age towards older employees and creating a discriminatory atmosphere, including, but not limited to:

    (a) By making statements that certain members of staff were too old to change;

    (b) Referring to older workings as being "old";

    (c) By making statements expressing a desire to "pick all of the younger workers, and let all of the old guys go, they just don't have it";

(d) By referring to older employees having "old job shop ways," "old job shop mentalities" or being "old school";

(e) By telling an at least one older employee that he looked "old and stressed";

(f) Telling an older employee that members of management voiced concerns about hiring her due to her age;

(g) Telling an older employee, "Don't you want to retire and enjoy what little bit of life you have left to live";

(h) In management level meetings, openly making age-related comments and advocating terminating older employees for pretextual reasons and hiring substantially younger employees in their stead;

(i) Telling a management level employee that there were two older employees that were older in age that Defendant needed to find a way to terminate;

(j) Pressuring a management level employee to terminate older employees;

(k) Espousing a desire to have a younger work force and complaining that the average employee had twenty-five (25) years of working in the plant; and

(l) Requesting a management level employee to place older employees on performance improvement plans to justify taking adverse action against the older employees, even though there was nothing wrong with the older employees' performance.

19. That Defendant has a history and pattern of terminating older employees and replacing them with substantially younger employees.

20. That on or about September 3, 2019, Defendants hired Plaintiff as a

Manufacturing Supervisor.

21. That Plaintiff was born on February 14, 1954 and is currently 68 years old.

22. That at all times material hereto, Plaintiff performed his job duties in a satisfactory and/or an above-satisfactory manner.

23. That on or about February 24, 2020, Plaintiff was instructed by Plant Manager Tim Meadows and Operations Manager Mike Newman to learn what he could from Matthew Beffrey, outgoing Maintenance Manager, in case Mr. Beffrey left the company Plaintiff would assume the Maintenance Manager position.

24. That Plaintiff discussed with Mr. Meadows and Mr. Newman that he would need additional compensation to take on the manager position.

25. That Plaintiff, Mr. Meadows, and Mr. Newman agreed that Plaintiff's salary would increase to $80,000 per year, the same offer Defendants had apparently made to Mr. Beffrey to continue his employment.

26. That on or about February 28, 2020, Plaintiff was informed by Mr. Newman that he would assume the Maintenance Manager position and continue to have responsibilities for the job duties of the Maintenance Supervisor role.

27. That Plaintiff continued in said role and performed his job responsibilities in a satisfactory and/or an above-satisfactory manner until March 28, 2020, when Plaintiff and other employees were placed on layoff status due to the

COVID-19 pandemic.

28. That on or about May 7, 2020, Plaintiff received a telephone call from Cassie Hickens, HR Director, instructing Plaintiff to return to work on May 11, 2020 on the third shift.

29. That Plaintiff subsequently contacted Mr. Newman to question why Defendants were placing Plaintiff on the third shift.

30. That Mr. Newman downplayed the move and told Plaintiff it would be only for two weeks.

31. That on or about May 8, 2020, Travis Dulude, Quality Manager, met with Mr. Newman, Mr. Meadows, and Ms. Hickens.

32. That during said meeting, Mr. Newman, Mr. Meadows, and Ms. Hickens discussed that Plaintiff was too old to be promoted to the Maintenance Manager position and that they wanted to find someone younger, who would be around longer to work in that role.

33. That Mr. Dulude protested Defendants clear and intentional desire to discriminate against Plaintiff because of his age.

34. That on or about May 11, 2020, Plaintiff returned to work and reminded Ms. Hickens that he had not received back pay for his increased salary during the time period he had worked as Maintenance Manager after February 28, 2020.

35. That on or about May 12, 2020, Plaintiff met with Mr. Newman and

Ms. Hickens.

36. That Plaintiff was then informed that he was no longer going to be the Maintenance Manager.

37. That Defendants indicated that they were going in a different direction and were hiring back a substantially younger employee, Marc Balwinski, to be the Maintenance Manager.

38. That Mr. Newman further admitted Defendants possessed a discriminatory intent directly to Plaintiff by informing him that Defendants were looking for someone who would be around for the next five (5) to ten (10) years.

39. That Defendant demoted Plaintiff from the Maintenance Manager position to the Maintenance Supervisor position and did not provide Plaintiff with the promised salary increase.

40. That on or about May 21, 2020, Plaintiff questioned Mr. Newman when he would be returning to the day shift, as Mr. Newman had previously indicated that Plaintiff would only work on the third shift for two (2) weeks.

41. That Defendants continued to discriminate against Plaintiff as Mr. Newman informed Plaintiff that he was keeping Plaintiff on third shift.

42. That Defendants were intentionally keeping Plaintiff on third shift to make his work and personal life more difficult and induce Plaintiff to end his employment.

43. That due to Defendants' discrimination against Plaintiff, Plaintiff reported that Friday, May 22, 2020, would be his last day, to which Mr. Newman responded by telling Plaintiff not to bother to come back.

44. That Defendants constructively discharged Plaintiff.

45. That Defendants' decision to demote Plaintiff is directly based on Plaintiff's age.

46. That any reasons subsequently proffered for demoting and constructively discharging Plaintiff are pretextual in nature.

47. That any reasons subsequently proffered for demoting and constructively discharging Plaintiff are either not based in fact, did not actually motivate the decision, or were too insignificant to justify the actions taken.

48. That Plaintiff has obtained a right to sue letter from the Equal Employment Opportunity Commission regarding his claims against Dura Automotive

49. That Defendant Dura Automotive Systems, LLC's actions constitute age discrimination in violation of the Age Discrimination in Employment Age.

50. That Defendants' actions constitute age discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act.

51. That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not

limited to lost wages, back pay, front pay, bonuses, pay increases, promotions, incentive pay, paid time off, disability benefits, health, dental, vision, and/or life insurance benefits, pension and/or retirement benefits, investment opportunities, and employer contributions in addition any and all compensation and fringe benefits provided along with an additional amount offset any negative tax consequences incurred as a result of recovery.

52. That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

53. That Plaintiff hereby claims liquidated damages for Defendants' willful age discrimination pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216.

54. That Defendants knew or showed reckless disregard for whether their actions were prohibited by the Age Discrimination in Employment Act.

55. That Plaintiff hereby claims reasonable attorney fees pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216.

56. That Plaintiff hereby claims the costs of this litigation, including reasonable attorney fees and reasonable witness fees, pursuant to M.C.L. § 37.2801 and M.C.L. § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

<u>**COUNT I – VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AGAINST DEFENDANT DURA AUTOMOTIVE SYSTEMS, LLC**</u>

57. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 56 of his Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

58. That the Age Discrimination in Employment Act makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.  29 U.S.C. § 623(a)(1).

59. That at all times material hereto, Defendants were Plaintiff's "employer" as the term is defined by the Act.  29 U.S.C. § 630(b).

60. That Defendants directly vocalized to Plaintiff and others that its rationale for demoting Plaintiff from the Maintenance Manager position was due to his age.

61. That said statements directly evidence Defendants' intent to

discriminate against Plaintiff based on his age.

62. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of his age.

63. That at all times material hereto, Plaintiff was and is qualified for the positions of Maintenance Supervisor and Maintenance Manager.

64. That Defendants took materially adverse employment action against Plaintiff by demoting him from the Maintenance Manager position and constructively discharging his employment.

65. That Plaintiff suffered said adverse employment actions under circumstances that give rise to an inference of age discrimination.

66. That Defendants replaced Plaintiff with a substantially younger individual.

67. That Defendants have created and tolerated a discriminatory atmosphere, displaying a corporate animus towards older employees.

68. That Defendants have repeatedly vocalized its desire and intent to discriminate against older employees and replace them with substantially younger employees.

69. That Defendants have engaged in a pattern of discriminating against older employees and replacing them with substantially younger employees.

70. That any reasons subsequently proffered for demoting and

constructively discharging Plaintiff are pretextual in nature.

71. That any reasons subsequently proffered for demoting and constructively discharging Plaintiff are either not based in fact, did not actually motivate the decision, or were too insignificant to justify the actions taken.

72. That Plaintiff's age was the reason Defendants took adverse action against him.

73. That Plaintiff has obtained a right to sue letter from the Equal Employment Opportunity Commission.

74. That Defendant Dura Automotive Systems, LLC's actions constitute age discrimination in violation of the Age Discrimination in Employment Age.

75. That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to lost wages, back pay, front pay, bonuses, pay increases, promotions, incentive pay, paid time off, disability benefits, health, dental, vision, and/or life insurance benefits, pension and/or retirement benefits, investment opportunities, and employer contributions in addition any and all compensation and fringe benefits provided along with an additional amount offset any negative tax consequences incurred as a result of recovery.

76. That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not

limited to emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

77. That Plaintiff hereby claims liquidated damages for Defendants' willful age discrimination pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216.

78. That Defendants knew or showed reckless disregard for whether their actions were prohibited by the Age Discrimination in Employment Act.

79. That Plaintiff hereby claims reasonable attorney fees pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT AGAINST ALL DEFENDANTS

80. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 56 of his Common Allegations and paragraphs 57 through 79 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

81. That the Elliott-Larsen Civil Rights Act makes it unlawful for an

employer to fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of age.  M.C.L. § 37.2202(1)(a).

82. That at all times material hereto, Defendants were an "employer" as defined by the Act.  M.C.L. § 37.2201(a).

83. That Defendants directly vocalized to Plaintiff and others that its rationale for demoting Plaintiff from the Maintenance Manager position was due to his age.

84. That said statements directly evidence Defendants' intent to discriminate against Plaintiff based on his age.

85. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of his age.

86. That at all times material hereto, Plaintiff was and is qualified for the positions of Maintenance Supervisor and Maintenance Manager.

87. That Defendants took materially adverse employment action against Plaintiff by demoting him from the Maintenance Manager position and constructively discharging his employment.

88. That Plaintiff suffered said adverse employment actions under circumstances that give rise to an inference of age discrimination.

89. That Defendants replaced Plaintiff with a substantially younger

individual.

90. That Defendants have created and tolerated a discriminatory atmosphere, displaying a corporate animus towards older employees.

91. That Defendants have repeatedly vocalized its desire and intent to discriminate against older employees and replace them with substantially younger employees.

92. That Defendants have engaged in a pattern of discriminating against older employees and replacing them with substantially younger employees.

93. That any reasons subsequently proffered for demoting and constructively discharging Plaintiff are pretextual in nature.

94. That any reasons subsequently proffered for demoting and constructively discharging Plaintiff are either not based in fact, did not actually motivate the decision, or were too insignificant to justify the actions taken.

95. That Defendants' actions constitute age discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act.

96. That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to lost wages, back pay, front pay, bonuses, pay increases, promotions, incentive pay, paid time off, disability benefits, health, dental, vision, and/or life insurance benefits, pension and/or retirement benefits, investment opportunities, and

employer contributions in addition any and all compensation and fringe benefits provided along with an additional amount offset any negative tax consequences incurred as a result of recovery.

97.  That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

98.  That Plaintiff hereby claims the costs of this litigation, including reasonable attorney fees and reasonable witness fees, pursuant to M.C.L. § 37.2801 and M.C.L. § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,<br>
THE MASTROMARCO FIRM

Dated: <u>November **, 2022</u>     By:     */s/ Victor J. Mastromarco, Jr.*
                                          VICTOR J. MASTROMARCO, JR. (P34564)
                                          KEVIN J. KELLY (P74546)
                                          Attorneys for Plaintiff
                                          1024 N. Michigan Avenue
                                          Saginaw, Michigan 48602
                                          (989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, MICHAEL DABROWSKI, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

                                                           Respectfully submitted,
                                                           THE MASTROMARCO FIRM

Dated: November **, 2022    By:   */s/ Victor J. Mastromarco, Jr.*
                                                             VICTOR J. MASTROMARCO, JR. (P34564)
                                                             KEVIN J. KELLY (P74546)
                                                             Attorneys for Plaintiff
                                                             1024 N. Michigan Avenue
                                                             Saginaw, Michigan 48602
                                                             (989) 752-1414